Griesa, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In re AUSTIN CAPITAL MANAGEMENT, : No. 1:09-md-02075-TPG
LTD., SECURITIES & EMPLOYEE :
RETIREMENT INCOME SECURITY ACT : [PROPOSED] FINAL JUDGMENT AND
(ERISA) LITIGATION : ORDER OF DISMISSAL WITH PREJUDICE
: 
———————————————————— x

This matter came before the Court for hearing on October 2, 2014, on the application of the parties for approval of the settlement set forth in the Settlement Agreement dated April 10, 2014 (the "Stipulation"). Due and adequate notice having been given to the Investor Class and to the Participant and Beneficiary Class as required in the Order Preliminarily Approving Settlement and Providing for Notice (the "Notice Order"), and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.  This Court has jurisdiction over the subject matter of the MDL and over all parties to the MDL, including all members of the Investor Class and the Participant and Beneficiary Class.

3.  For the Investor Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

    (a)   the number of Investor Class Members is so numerous that joinder of all members thereof is impracticable;

    (b)   there are questions of law and fact common to the Investor Class;

    (c)   the claims of the Class Representatives are typical of the claims of the Investor Class;

    (d)   the Class Representatives and their counsel have fairly and adequately represented the interests of the Investor Class and will continue to do so;

    (e)   the questions of law and fact common to the Investor Class Members predominate over any questions affecting only individual members of the Investor Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. For the Participant and Beneficiary Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(1) have been satisfied in that:

(a) the number of Participant and Beneficiary Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Participant and Beneficiary Class;

(c) the claims of the Class Representative are typical of the claims of the Participant and Beneficiary Class;

(d) the Class Representative and his counsel have fairly and adequately represented the interests of the Participant and Beneficiary Class and will continue to do so;

(e) the prosecution of separate actions by individual Participant and Beneficiary Class Members would create a risk of inconsistent or varying adjudications with respect to individual Participant and Beneficiary Class Members that would establish incompatible standards of conduct for the Defendants; and

(f) the adjudication of individual Participant and Beneficiary Class Members' claims would, as a practical matter, be dispositive of the interests of the other members' claims or would substantially impair or impede their ability to protect their interests.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Pension Trust for Operating Engineers, Operating Engineers Pension Plan, Operating Engineers Health and Welfare Trust Fund, International Brotherhood of Teamsters Local 705 Pension Fund, John Witt, Sheet Metal Workers' National Pension Fund, Michael J. Sullivan,

Ronald Palmerick, Laborers Local 17 Pension Plan, Daniel Jackson, New Mexico Educational Retirement Board, and Texas Treasury Safekeeping Trust Company are appointed as Class Representatives for the Investor Class; Russell E. Burns is appointed as Class Representative for the Participant and Beneficiary Class; and Robbins Geller Rudman & Dowd LLP and Hagens Berman Sobol Shapiro LLP are appointed as Co-Lead Counsel for the Classes.

6. The Court hereby finally certifies, pursuant to Federal Rule of Civil Procedure 23(b)(3) and for settlement purposes only, an "Investor Class" defined as: (a) all Persons who held an interest in the Austin Capital All Seasons Offshore Fund, the Austin Capital Safe Harbor ERISA Dedicated Fund, the Austin Capital Safe Harbor Offshore Fund, the Austin Capital Safe Harbor QP Fund, or the Austin Capital Safe Harbor Portable Alpha 1 Fund as of December 11, 2008; and (b) all fiduciaries of employee benefit plans covered by ERISA that held an interest in the Austin Capital All Seasons Offshore Fund, the Austin Capital Safe Harbor ERISA Dedicated Fund, the Austin Capital Safe Harbor Offshore Fund, the Austin Capital Safe Harbor QP Fund, or the Austin Capital Safe Harbor Portable Alpha 1 Fund as of December 11, 2008 (but only to the extent those fiduciaries are acting on behalf of their plans). Excluded from the Investor Class are Defendants and those Persons listed on Exhibit 1 hereto who timely and validly requested exclusion from the Investor Class pursuant to the Notice of Proposed Settlement of Class Action to Investor Class.

7. The Court hereby finally certifies, pursuant to Federal Rule of Civil Procedure 23(b)(1) and for settlement purposes only, a "Participant and Beneficiary Class" defined as: all Persons (excluding Defendants) who are or were participants or beneficiaries of any employee benefit plan covered by ERISA that held an interest in the Austin Capital All Seasons Offshore Fund, the Austin Capital Safe Harbor ERISA Dedicated Fund, the Austin Capital Safe Harbor

Offshore Fund, the Austin Capital Safe Harbor QP Fund, or the Austin Capital Safe Harbor Portable Alpha 1 Fund as of December 11, 2008.

8. The Notices of Proposed Settlement of Class Action provided to the Investor Class and the Participant and Beneficiary Class were each the best notice practicable under the circumstances, including individual notice to all Investor Class Members who could be identified through reasonable effort. The Investor Class Notice constituted due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Securities Act of 1933 as amended, the Securities Exchange Act of 1934 as amended, due process, and any other applicable law. Because individual notice to the Participant and Beneficiary Class is impracticable and not required by Rule 23, the distribution of the Participant and Beneficiary Class Notice, by the individual ERISA plans to their participants and beneficiaries using whatever method most practicable, constituted due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.

9. Defendants have filed Declarations Regarding Compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b). Defendants timely mailed notice of the settlement agreement pursuant to 28 U.S.C. §1715(b), including notices upon the appropriate State official of each State in which an Investor Class Member resides and the appropriate federal official. The notice contained the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715(b).

10. The settlement is the product of substantial, good faith, arm's-length negotiations between and among the parties to the MDL, and pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation as fair, reasonable, and adequate.

11. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the MDL and all Released Claims with prejudice and without costs as to any party, except as and to the extent otherwise provided in the Stipulation and herein.

12. All persons who have not made their objections to the settlement in the manner provided in the Notice Order are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13. Upon the Effective Date hereof, the Class Representatives and all members of the Classes shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Representative or Class Member executes and delivers a Claim Form, Acknowledgment, Receipt, and Release.

14. The Class Representatives and all members of the Classes are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

15. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the members of the Classes, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the MDL or the Released Claims, except for claims to enforce the Stipulation or this Judgment.

16. Neither any order entered regarding the Plan of Allocation nor any order entered regarding any attorneys' fee and expense application shall in any way disturb or affect this Judgment; each shall be considered separate from this Judgment.

17. This Judgment and all provisions hereof, and the settlement, shall bind each member of both Classes. All Investor Class Members who have failed to properly submit timely and valid requests for exclusion (to opt out) from the Investor Class release and forever discharge the Released Persons from all Released Claims as provided in the Stipulation.

18. Defendants and other Released Persons, including their respective insurers, shall have no responsibility for the Plan of Allocation or the administration of the settlement and shall have no liability to the Class Representatives, the Classes, any member of the Classes, or Co-Lead Counsel in connection with the Plan of Allocation or the administration of the settlement.

19. Neither this Judgment, nor the Stipulation or the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement, nor any of the negotiations or proceedings connected with the Stipulation or the settlement shall be:

(a) offered or received against any Defendant or Released Person as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant or Released Person of the truth of any fact alleged by the Class Representatives or the members of the Classes or the validity of any claim that has been or could have been asserted in the MDL, or the deficiency of any defense that has been or could have been asserted in the MDL, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b) offered or received against any Defendant or Released Person as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any

statement or written document approved or made by any Defendant or Released Person, or against the Class Representatives or any member of either Class as evidence of any infirmity in the claims of the Class Representatives and the Classes;

   (c) offered or received against any Defendant or Released Person as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder;

   (d) offered or received against any Defendant or Released Person in support of any argument that the Classes or any other class should or could be certified for purposes of any claim; or

   (e) construed against any Defendant or Related Party, the Class Representatives, or the Classes as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

   20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the MDL; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

   21. The Court finds that during the course of the MDL, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22. In the event the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: 10/2/14

THE HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE